UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PERLA & PAW LLC,

    Plaintiff,

v.

THE DELUXE PUP LLC,

    Defendant.

**COMPLAINT WITH JURY DEMAND**

Civil Action No. _____

---

Plaintiff Perla & Paw LLC ("P&P"), for its Complaint against Defendant The Deluxe Pup LLC ("TDP" or "Defendant"), alleges as follows:

### NATURE OF THE ACTION AND RELIEF SOUGHT

1. This is a civil action seeking a declaratory judgment and injunctive relief arising from the very recent and improper assertion by TDP that P&P infringes defendant's copyright rights and trademark rights in bandana designs through P&P's online offerings and sales of dog bandanas.

2. The copyright and trademark design putatively at issue is a triangular shaped folded bandana which is an unoriginal, non-creative, non-distinctive design readily available in the marketplace and in which the defendant has no legitimate copyright or trademark claim.

3. Because the defendant has no legitimate trademark or copyright claim in the bandana designs at issue, P&P brings this action to clarify the rights of the parties and to refute defendant's assertions of copyright and trademark infringement.

4. Despite defendant's lack of any colorable basis to allege that P&P infringes the purported copyright or trademark in dog bandanas, defendant has sent cease-and-desist letters to P&P and has threatened P&P's manufacturer claiming copyright and trademark infringement and demanded an accounting and payment under threat of an imminent lawsuit.

## THE PARTIES

5. P&P is a New York limited liability company with its principal place of business located at 357 Rachel Vincent Way in Buffalo, New York.

6. TDP is an Arizona limited liability company with its principal place of business at 3851 E. Perkinsville Street in Gilbert, Arizona.

## JURISDICTION AND VENUE

7. This court has subject matter jurisdiction over this matter pursuant to Title 28 of the United States Code, §1338[a] because this matter arises under the copyright laws of the United States [17 U.S.C. §§101 et seq.], the trademark laws of the United States [15 U.S.C. §§ 1114, 1125 et seq.] and the Declaratory Judgment Act [28 U.S.C.§§ 2201, 2202].

8. This court is the proper venue for this action pursuant to 28 U.S.C. §§ 1391(b) and (c) because plaintiff conducts business, has customers, and has performed within the State of New York and this judicial district; defendant conducts business within the State of New York and

this judicial district; and defendant has caused its goods to be advertised, promoted, and sold to consumers in the State of New York and this judicial district.

9. This court has personal jurisdiction over the plaintiff because plaintiff resides in the State of New York and is subject to personal jurisdiction in this judicial district.

10. This court has personal jurisdiction over defendant because at all relevant times defendant engaged in business in the State of New York, and plaintiff's claims arise from this business within the State of New York.

11. In addition, defendant consistently and repeatedly uses the internet. Defendant consistently and repeatedly use the United States Postal Service, directing its mailed communications into the State of New York.

12. This court also has personal jurisdiction over defendant because its consistent and prolonged use of the internet and the United States Postal Service constitutes sufficient minimum contacts with New York State.

## GENERAL ALLEGATIONS

13. P&P is an online retailer of pet related products and accessories including dog bibs and dog bandanas which it sells on its website, https://perlaandpaw.com, as well as on other online platforms such as Etsy.

14. TDP is also an online retailer of pet related products including dog bibs and bandanas which it sells on its website, https://thedeluxepup.com, as well as on other online platforms such as Etsy.

15. On or around August 13, 2024, P&P received a letter from Attorney Leela Madan of Madan Law PC in which Ms. Madan, on behalf of TDP, alleged that P&P was infringing upon a copyright and a trademark purportedly owned by TDP.

16. On or about September 5, 2024 TDP then applied to register both a copyright (case number 1-14181920621) and a trademark (USPTO Serial Number 98/735007), attached here as exhibit A, for the design of its bandana.

17. P&P, through its attorney, conducted an independent review of the allegations and determined that the bandana design at issue did not infringe a purported copyright or trademark and that the designs at issue did not meet the legal criteria for either trademark protection or copyright protection and communicated this assessment to TDP's counsel. Through subsequent communications between P&P's and TDP's counsel, in an effort to settle this dispute amicably and avoid costly litigation, TDP was informed P&P would make changes to the design of its bandanas. TDP rejected this compromise and informed P&P's counsel that P&P would be subject to imminent legal action.

18. P&P continues to believe the bandana designs are ineligible for both copyright and trademark protection and that P&P has not and does not infringe the intellectual property rights of TDP. P&P further believes that it has the right to continue selling bandanas and that it is now subject to imminent legal action by TDP for infringement of the purported trademarks and copyright.

### TDP's BANDANAS ARE NOT ELIGIBLE FOR COPYRIGHT PROTECTION

19. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. The purported copyright is unenforceable because it lacks the necessary elements to qualify for protection as required by law. Specifically, the work does not meet the criteria for originality and creativity required for copyright protection.

21. TDP alleged a copyright in the following elements of its bandana design:

4

a. Triangular shape;

b. Curved neckline;

c. Ribbed border;

d. Open ring snaps;

e. Use of Basolan wool; and

f. Size chart

22. The Copyright Act of 1976 provides copyright protection for original works of authorship in any tangible medium of expression. TDP bandana designs, including their triangular shape and curved necklines are not original designs as they are merely copies of long standing baby bib patterns that have been widely used for decades.

23. A size chart is factual information and therefore ineligible for copyright protection.

24. Use of Basolan wool and a ribbed border are not original works of authorship.

25. The Copyright Act does not extend to useful articles unless there are unique, separable artistic elements in design or graphics.

26. A bib or bandana is a useful article.

27. There are no unique, separable original designs or graphics associated with any of TDP's bandanas.

28. Therefore, TDP's bandana designs are ineligible for copyright protection.

**TDP's BANDANAS ARE NOT ELIGIBLE FOR TRADEMARK PROTECTION**

29. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. The purported trademark does not function as a trademark because it falls into a category that is explicitly excluded from trademark protection as it is a common design.

31.  TDP description of the mark in its trademark application is as follows:

The mark consists of a three-dimensional configuration comprised of a folded bandana with ribbed stitching on the top and bottom sides of the bandana. The top side of the bandana is curved at an angle. A pin in the shape of the letters "tdp" is located on the bottom of the bandana, slightly towards the viewer's right side.

32.  The above description of the mark and the related drawing submitted with TDP's trademark application (attached hereto as exhibit A) makes it clear that TDP is applying for trade dress. To function as a trademark, trade dress cannot be functional and the design must have acquired distinctiveness.

33.  TDP has made no showing of acquired distinctiveness in its trademark application.

34.  Any attempt by TDP to prove acquired distinctiveness would be futile as the mark is a common design and has been used for decades in numerous widely available bib patterns.

35.  TDP's allegation that the design of a bandana is a trademark is erroneous. The purported mark does not function as a trademark and therefore its claim is unenforceable and not registerable on the federal register.

**P&P's BANDANAS DO NOT INFRINGE ON TDP's PURPORTED TRADEMARK**

36.  Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.  Even if some elements TDP's mark are capable of trademark protection, such as the TDP logo tag, P&P's logo tag and its placement on the bandana does not infringe on TDP's purported mark.

38.  P&P's logo tag placement on the bandana is the same placement consistently used by nearly every seller in the industry and is the typical placement for which TDP can claim no proprietary interest.

39. The P&P logo uses different letters, different text cases, different fonts and different spacing. It is not remotely confusingly similar to the "tdp" logo and there is no likelihood of confusion by consumers.

## PRAYER FOR RELIEF

WHEREFORE, P&P prays that the Court enter an Order for Judgment as follows:

A. That TDP, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary entities, and any and all persons in act of concert or participation with any of them, be temporarily, preliminarily and permanently enjoined from:

1. Claiming that P&P's bandanas infringe the purported copyright in TDP's bandana design;

2. Claiming that P&P's bandanas infringe the purported trademark in TDP's bandana design;

3. Claiming TDP's purported copyright in its bandanas is valid or enforceable;

4. Claiming that TDP's purported trademark in its bandana design is valid or enforceable;

B. That TDP's intellectual property rights are not infringed upon by the importation, exportation, manufacture, advertising, distribution or sale of P&P's bandanas;

C. That the applied for TDP trademark does not function as a trademark and is therefore not registerable on the federal register;

D. That TDP's bandana design is ineligible for copyright protection and registration at the US Library of Congress;

E. Awarding P&P its attorney's fees and costs incurred in prosecuting this action, including its expert witness fees; and

F. Awarding such other and further preliminary and permanent relief to P&P as the Court deems equitable and appropriate.

## JURY DEMAND

P&P demands a jury trial on all issues so triable.

DATED: Buffalo, New York

September 27, 2024

Respectfully submitted,

**LOTEMPIO P.C. LAW GROUP**

s/ Frank LoTempio III, Esq.
Frank LoTempio III, Esq.
*Attorneys For Plaintiff P&P LLC*
181 Franklin Street
Buffalo, New York 14202
Phone: (716) 855-3761
flotempio@lotempiopc.com